UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERD TOPSNIK<br>204 Ziegelhofst<br>79110 Freiburg, Germany | ) Civil Case No.<br>)<br>)<br>) |
| Plaintiff, | ) COMPLAINT FOR REVIEW OF<br>) JEOPARDY ASSESSMENT; |
| UNITED STATES OF AMERICA | ) TITLE 26 USC §7429;<br>) DAMAGES FOR FAILURE TO RELEASE |
| Defendant. | ) TAX COLLECTION TITLE 26 §7432 AND<br>) §7433, §7421; AS WELL OF TITLE 28<br>) §1331,§1340,§1346(a)(1),§1391(e),<br>) §1402(a),§1404,§1412 APPLICATIONS<br>) |

**<u>COMPLAINT</u>**

To Defendant and Counsel therefore: Comes now the

Plaintiff, Gerd Topsnik, and for cause of action, against the

United States of America, hereby states, avers, and alleges the

following circumstances to be true and correct:

1. This is an action brought by Plaintiff, arising under the

Internal Revenue laws of the United State of America, for having

the Court determine that the subject jeopardy assessment and levy

imposed upon Plaintiff by the Internal Revenue Service to be,

under applicable circumstances, unreasonable, as to amounts

whereby the amounts so assessed and demanded are to be found to be

inappropriate with respect to the year 2010, that Plaintiff is

entitled to refunds of income taxes with respect to the year 2010

and that Plaintiff is entitled to receive damages for a failure to

release a lien and levy and for unauthorized collection actions

with respect to the year 2010.

2. Jurisdiction is conferred upon the District Court by the provisions of Title 26, United States Code, Section 7429, relating to jeopardy assessments, and Sections 1340 and 1346(a)(1), whereby venue rests with the District Court for the District of Columbia pursuant to Title 28 USC Section 1402(a).

3. Plaintiff is a non resident alien who resides in Germany and within the County of Los Angeles, California, Plaintiff was subject to subject jeopardy assessment and levy at Gourmet Foods Inc., 2910 E. Harcourt Street, Rancho Dominguez, California 90224, and within the Central District of California where Plaintiff was entitled to receive proceeds from his year 2004 sale to Gourmet Foods of his Gourmet Foods Stock.

4. Defendant is the United States of America.

5. The subject jeopardy assessment and levy arises from Income tax assessment and levy actions undertaken by the Los Angeles Office of the Internal Revenue Service with respect to the Federal income tax year ended December 31, 2010.

6. As a nonresident alien, Plaintiff is not subject to a United States Income Tax Code assessment provisions with respect to any item of income that may be alleged to have arisen from the sale of his stock in the United States.

7. An Internal Revenue Service Form 950 letter dated March 15, 2013 received from the IRS Revenue Examination Agent with

respect to the Tax Period(s) enclosed and examination report along with instructions concerning a request for a Supervisor Conference to be mailed by April 14, 2013 to the Internal Revenue Service in El Monte, CA.

8. With respect to the Examination Form 950 letter a June 17, 2013 a letter to the Supervising Revenue Agent from Plaintiff's counsel Charles H. Magnuson explained how in response to counsel's April 12, 2013 letter requesting the Supervisor Conference, a May 23, 2013 afternoon Supervisor Conference was arranged to be held in El Monte along with a request that Mr. Topsnik be specifically advised as to the details of a statement about supervisory instructions that have been given to the examining Revenue Agent.

9. The May 23, 2013 Supervisor Conference did not take place because as explained to counsel by an agent in the Supervisor's Group after counsel's arrival for the meeting at the El Monte office the Supervisor was out of the office and was not available for counsel to speak to him by cell phone.

10. The accompanying exhibit submission reflects the content of the Exhibit I June 17, 2013 letter to the Supervising Revenue Agent from Plaintiff's counsel Charles H. Magnuson identified a variety of topics counsel had planned to discuss during the Supervisor Meeting including the fact that contrary to the examination change box at page 1 of the two page copy of the

provided Income Tax Discrepancy Adjustment Form 4549-A no examination changes were discussed with Charles H. Magnuson but how in fact it occurred that a March 28, 2012 mailing to the examining Revenue Agent provided 113 pages of documentation on behalf of the Plaintiff.

11. The June 17, 2013 letter referenced the series of IRS communication events arising with respect to the year 2010 such as:

(1) Counsel's February 16, 2012 letter with respect to providing a Gerd Topsnik German birth certificate, his German driver's license, his German residence and place of business pictorial view a German year 2010 Tax Return how the United States District Court German residency ruling that "It is undisputed that..." Gerd Topsnik "...is a resident of Germany." brought about competent authority applicability as German residency that is bookended by the August 10, 2010 "Ralf" transmission.

(2) How a March 5, 2012 letter reflects a "bogus" comment to an IRS Collection Officer by the examining agent concerning the year 2010 nonresident alien return related to the refusal to submit the Year 2004 protest letter onto Appeals as should have been done, the inappropriate contact with the Delaware CDP Appeals Settlement Officer and the 131 page document submission on behalf of Plaintiff.

(3) How a July 31, 2012 IDR response to a document request for

4

a group manager meeting points out how a German Competent
Authority investigation had been commenced in early 2011
commenting how the "taxpayer" is refusing to answer any questions
or provide any documentation regarding residency despite the
"Ralf" instruction that the subject German Inn is Mr. Topsnik's
personal resident; how a claim of a lack of a residency
certificate is refuted by existing German documentation to the
contrary; how in a thousand or more IRS documents produced in
response to FOIA requests there has never been a *Einwohnermeldeamt*
comment; how Mr. Topsnik brought about litigation for having his
Gourmet Stock purchased and how his attorney was being commented
upon and how under the circumstances counsel expressed entitlement
to review IRS Competent Authority exchanges and that a Supervisor
Conference is in order.

(4) How an August 17, 2012 reminder letter described how
Plaintiff's daughter, Bianca Whitty, by her March 28, 2012 letter
had provided documentation directly to the IRS in a manner she has
repeatedly done over the extended history of an unnecessarily
prolonged process employed in relating to Mr. Topsnik and
reminding how the February 16, 2012 letter explained how Mr.
Topsnik was a German resident and that with respect to
"Installment Sale Income" contentions "it is the government's
position that this is taxable in the year of receipt and will be
written up separately" presents a position contrary to the ruling

from the United States District Court that based the government's
German residency position it is undisputed that Mr. Topsnik has
German resident status.

(5) How an August 22, 2012 letter reflects the April 23, 2012
agreed upon meeting time that was held in Appeals; how on the
afternoon of June 28, 2012 a telephone call from Appeals referred
to further information being received from the IRS and, in
response to a request for copies, a July 5, 2012 Fax transmission
disclosed a February 2011 Competent Authority "German
Investigation" inquiry; how at a IRS examination meeting held on
August 16, 2012 with respect to "Installment Sale Income" and
"...the government's position that this is taxable in the year of
receipt and will be written up separately."; how after a lengthy
discussion about the February 2011 Competent Authority "German
Investigation" designated transmittal and  being asked about the
IRS position with respect to Mr. Topsnik being a German resident
elicited a responding explanation, that this topic was not to be
discussed, that the February 2011 "German Investigation"
transmittal was first seen by the Supervising Agent when I brought
his attention at the meeting along with the further comment that
the 2011 "German Investigation" document was incorrectly labeled,
that the recital that "the taxpayer (through his bookkeeper
daughter, who is being advised by their attorney (Charles
Magnuson), refuses to answer any questions or provide any

documentation regarding his residency." was untrue;  that by
extending a year 1992 federal income tax collection limitation
period, Plaintiff was, for federal tax collection purposes,
treated as if he had not even been in the United States since the
year 1995; how the examination position was being undertaken by
rejecting the "Ralf " admission and in doing so demonstrates a
collaterally attack toward the United States District Court ruling
that was in turn based upon the governments position that Mr.
Topsnik is in fact a resident of Germany; how that despite  being
shown a National Homeland Security warrantless entry label on a
mailing to counsel from Ms. Whitty, the subject would not be
discussed even though the potential violation of an attorney
client privilege presented a troubling aspect of the subject year
2010 examination; how Ms. Whitty's attitude toward the examination
process had been consistently responsive and cooperative; how
there was a refusal to process Plaintiff's request for an
appellate determination with respect to the  to the years 2004 and
2005, an interference with a year 2005 Appellate CDP proceeding,
an illegal federal income tax levy processed by the Seattle IRS
Tax Collection Office with respect to the  years 1992, 1993, 1999,
2000, 2001, a jeopardy assessment levy submission based upon false
premises; how no IRS document request went wanting and how Ms.
Whitty had produced, as she later did with respect to banking
records, a vast display of financial documents that in an item by

7

item manner had been organized from the content of boxes and boxes
of foreign business records for substantiation purposes.

(6) A September 17, 2012 mailing and a fax to IRS Examination
concerning the production for copying, the content of the personal
and cotemporaneous handwritten entries made by Mr. Topsnik's into
his daily logbook for the year 2010.

(7) That due to the April 12, 2013 Request For Supervisor
Meeting according to direction arising from the March 15, 2013 IRS
Examination Notice, detailed exhibit by exhibit content of 112
pages of attachments to the motion to dismiss filed by the
government in *Gerd Topsnik v. United States,* United States
District Court for the Central District of California, Case #2:11-
cv-065908-JHN-MRW, so as to bring about the enclosed United state
District Court ruling that Gerd Topsnik is resident of Germany
were provided to the IRS Examination Team.

(8) A May 24, 2013 Supervisor Meeting letter (Copy by Fax 626-
312-5088) to the Supervisor Agent from counsel concerning his
inability to be available for a May 23, 2013 meeting.

(9) A June 7, 2013 letter (Copy by Fax 626-312-5088)
concerning our Supervisor Meeting schedule with a purpose of
mutually arriving at an agreed upon determination as to the merits
of the appropriate year 2010 filing by Mr. Topsnik.

(10) On November 28, 2012 for security purposes counsel
personally brought to the El Monte office the original multiple

paged year 2010 daily Log Book created by Mr. Topsnik that detailed thousands of copious handwritten entries for every day except Sundays from December 29, 2012 through December 31. 2013. (11) The content of extraordinary detail of Log Book entries displayed a habitual tracking of daily activities entered in the 2010 Log Book, as Plaintiff had as well been doing in personal Log Books for the years 1992, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2007, 2008 and 2009, and in so doing created a contemporaneous day be day open book activity story of his life which, for  reference and for ease of reading, pages were collar tabbed, for locating entries into and from Germany by Mr. Topsnik for 96 days of the year 2010,and then after the entirety of the Log Book, from the title page and Table of Contents to Map pages, bound by grey cover pages and an outer leather cover, were said to have been completely copied by the examining Revenue whereby the copy from the IRS copy machine was in her possession, the original Log Book was returned to counsel without any substantive discussion for its return to his office.

(12) A May 12, 2013 telephone conversation when counsel was advised that the failure to have the Supervisor Meeting was due to a request to IRS counsel for an administrative Technical Advise conference and how a Technical Advise conference would not take place until June 13, therefore, the having of the Supervisor

Meeting on June 13 or 14 was discussed, but then, in response to counsel's confirming letter and telephone call, a late June 13 afternoon voice mail message to counsel, referring to an examination revision and that the revision was now scheduled for completion by June 24, 2013.

(13) A substantive administrative discussion of this matter with the IRS has been put aside since whatever direction given to the examining Revenue Agent most likely will be delayed because of an IRS counsel review and clearance involvement and how the examination process is being handled whereby multiple mathematical computer printout pages are transmitted absent narrative explanations needed for having an understanding as to their application to the ongoing examination process.

(14) How Mr. Topsnik displays an open book presentation to the IRS but the IRS administrative response is to the contrary and how such reaction derives from a historical precedent bringing about a need for multiple FOIA requests that in turn   cause continuing obtuse and opaque responses failing to explain how it came to be that the IRS had the Department of Homeland Security open my personal mail, a subject that although being raised is said to be a subject is not to be discussed.

(15) How the IRS conducts its guarded plan of attack in order for the California United States District Court to be told how MR. Topsnik being a German resident is not entitled to a hearing

because he should bring his claim before the United States Court
of Federal Claims, then telling the United States Court of Federal
Claims that even though a German citizen the illegal tax
collection claim by Mr. Topsnik cannot be before such Court and
then, on appeal from the United States District Court dismissal
ruling, telling the United States Court of Appeals for the Ninth
Circuit that even though Mr. Topsnik is a German resident he does
have standing to bring his damage claim before the California
United States District Court and that the Court of Federal Claims
cannot hear his case, although in  another case, a March 26, 2013
ruling in *Brandt,* 710 F.3d 1369, from the United States Court of
Appeals for the Federal Circuit, rejected the government's
position as to a lack of Court of Federal Claims jurisdiction.

(16) Within the administrative context existing with respect to
Mr. Topsnik he has had the experience of an improper interference
of his Collection Due Process rights, his Collection Due Process
litigation rights obliterated, his Appeal rights overridden, his
mail subjected to warrantless entry conduct, his expectation, as
applies for other visitors of United States, for a reasonable
Custom's entry process being used to apply overreaching tactics
better viewed as being thuggish by forcing responses to
unsupported financial documentation accusations of forgery or an
unreasonable entry processing procedure even when the purpose for
entry was to appear as a party to a federal tax litigation case,

all of which being coupled with the threat of FBAR liabilities, the IRS has exhibited less than objective treatment toward Mr. Topsnik.

(17) How from a final analysis, existing circumstances demonstrate a failure by the IRS to provide reasons for its examination despite the sending of a January 21, 2012 letter referring to a selection for examination that was based on IRS conduct relating to tax years 1992, 1993, 1999, 2000, 2001, 2004, 2005, 2006, 2007, 2008, and 2009.  Why or for what circumstance Mr. Topsnik cannot after several years and even with respect to the year 2010 after a period of time well into a year and a half be advised of a present IRS reasons for the examination report. Not having done so serves to show a willingness to avoid having a meeting and as well a refusal to administratively process this case.  Mr. Topsnik has and continued to have his administrative requests acted upon by being advised that such request cannot be accommodated.

(18) How, that while there may be a later mailing of some sort from the IRS, past history with respect to the examination has failed to disclose other than the recital to a circumstance lacking of any substantive response to an inquiry on behalf of Mr. Topsnik and in order to assist in a review of past correspondence, if undertaken to do, the reference to previous communication, including the June 7, 2013 Supervisor Meeting letter (Copy by Fax

626-312-5088), the May 24, 2013 Supervisor Meeting letter(Copy by Fax 626-312-5088), the April 12, 2013 letter concerning IRS examination report dated as of March 15, 2013, the September 17, 2012 Log Book letter (Copy by Fax 626-312-5088), the August 22, 2012 letter as to August 16, 2012 examination meeting, the August 17, 2012 letter as to Form 4565 dated July 10, 2012, the July 31, 2012 letter as to Year 2010 Examination Letter 937, the March 5, 2012 letter as to January 12, 2012 Year 2010 Examination Letter 2205-A with my explanation in order that we may mutually agree upon the merits of the appropriate year 2010 filing by Mr. Topsnik and the February 16, 2012 letter as to January 12, 2012 Year 2010 Examination Letter 2205-A.

(19) How that notwithstanding these circumstances your attention to recited points will of course be appreciated as has been said Mr. Topsnik is entitled to receive the reasons for what has been explained to be a need for a "revised 30 day letter" and in this respect counsel will of course be most willing to arrange for a Supervisor Meeting schedule when you are in a position to do so.

12. Thereafter and despite a conference and counsel was told being told that a revised Examination report was yet to be provided, that the opening of counsel's mail was a subject not to be discussed but even so as of this date no further report has been provided to Plaintiff or hi counsel.

13. Accordingly the subject jeopardy arose not from supporting evidence but in view of a lack of thereof the assessment approach was adopted for subjecting Plaintiff to inappropriate federal tax collection actions designed to attack Plaintiff's financial well being for unknown subjective purposes rather than being the product of an objective analysis of relevant events.

14. A Treasury Department Letter 1584(P) NOTICE OF JEOPARDY ASSESSMENT, LEVY AND RIGHT OF REVIEW stamp dated July 18, 2013 was by mail copied to Charles Magnuson, 10940 WILSHIRE STE 1400, LOS ANGELES, CA 90024, with attached computations explained and identified as to the Taxable Period 2010, and as to a tax amount of $144,034.00, a penalty amount of $57,613.60 and an interest amount of $15, 124.63 along with instructions that under IRC Section 6330 there is an entitlement to request a Collection Due Process(CDP) hearing by submitting a request in writing to the Director of Field Operations, Washington, D.C. and that a civil action against the United States may be brought in the U.S. District Court for a judicial review under the provisions of I.R.C. Section 7429.

15. A Treasury Department Letter 1584(P) by a July 19, 2013 franked envelope containing July 18, 2013 NOTICE OF JEOPARDY ASSESSMENT, LEVY AND RIGHT TO REVIEW, lacking Last Date To File Administrative Review entry, was mailed to Charles H. Magnuson from Internal Revenue Service office, Glendale, CA 9124-1345 was

stamped received at " 10940 WILSHIRE BLVD STE 1400, LOS ANGELES, CA 90024 on July 19, 2013.

16. A Glendale, CA Internal Revenue Service Form 3552(CG) Notice of Tax Due for Tax Period 2010 with respect to 07/18/2013 Assessment entered date in name of Gerd Topsnik was issued.

17. A Treasury Department Letter 2439(CG) by a July 22, 2013 franked envelope containing July 18, 2013 NOTICE OF JEOPARDY LEVY AND RIGHT TO APPEAL was mailed to Charles H. Magnuson from IRS Territory Manager, Internal Revenue Service, Glendale, CA 9124-1345 was stamped received at " 10940 WILSHIRE BLVD STE 1400, LOS ANGELES, CA 90024 on July 22, 2013.

18. On or about July 30, 2013 an accompanying Exhibit I letter containing the timely IRS Form 12153 Request For a Collection Due Process Hearing addressed to Department of Treasury, Director of Field Operations enclosing a signed Form 2848 IRS Power of Attorney for Charles H. Magnuson, as representative, was copied as well to the IRS Examining Agent in El Monte, CA and the IRS Territory Manager in Glendale, CA. along with the listed enclosure documents.

19. On or about July 30, 2013 a timely IRS Form 12153 Request For a Collection Due Process Hearing in response to the NOTICE OF LEVY AND RIGHT TO APPEAL was mailed to the IRS Territory Manager in Glendale, CA. with an attached copy of the July 30, 2013 Director of Field Operations letter.

20. An Internal Revenue Service form letter dated August 16, 2013 from the Internal Revenue Service Los Angeles, CA Appeals Office recites how Appeals received case for consideration, that contact from appeals will be made as quickly as possible and in doing so designated the contact person.

21. On or about August 17 2013 plaintiff submitted the Exhibit II completed IRS Form 12153 Request For a Collection Due Process Hearing to the Department of Treasury Director of Field Operations in Washington D.C., enclosing a Charles H. Magnuson Power of Attorney Form 284, a copy of the July 30, 2013 transmission letter and copies of enclosures.

22. While a copy of a notice of receipt from IRS Appeals dated August 21, 2013 was received no IRS contact as was provided for within the content of such letter was received and repeated telephone messages provided to the Contact Person by Charles Magnuson were not answered.

23. On or about September 9, 2013 during a discussion between Charles H. Magnuson and the contact person identified by the August 16, 2013 Appeals letter of receipt of Plaintiff's CDP case, referred to in ¶20 above, the contact Appeals Officer stated that a January 17, 2012 ORDER, entered by the United States District Court for the Central District of California, in granting Defendant United States of America's Motion to Dismiss, determined that it was undisputed that Plaintiff is a resident of Germany,

would not be followed, even though the California District Order came about due to a Motion To Dismiss filed by the government that in turn was based on 125 pages of IRS administrative files, that included an Exhibit 17, consisting of official certified copy of IRS Account Transcripts with respect to Plaintiff for the years 1992, 1993 ,1999, 2000, 2001, 2004, 2004, 2005, 2006, 2007, 2008 and 2009, disclosing how the IRS treated Plaintiff as having not been in the United States since the year 1994, and therefore, in not honoring the California United States District Court Order determining Plaintiff's German residency, operative German Income Tax Treaty provisions applicable to Plaintiff's nonresident alien status, due to his being a German resident, would not be followed, even though the German Income Tax Treaty agreement provisions provided that Plaintive had no United States source income and as a consequence capital gains arising from the sale of United States corporate stock were not subject to Title 26 U.S.C. income tax taxing provisions.

24. A copy of Appeals Office Letter stamped dated "Sep 09 2013" addressed to Charles H. Magnuson, 10940, Los Angeles, CA 90012 enclosed a copy of the Exhibit III Internal Revenue Service Appeals Office Form letter stamp dated "SEP 09 2013" from the Appeals Team Manager, wherein its content recites that upon considering the protest, evidence and arguments, it was determined that the making of the assessment was reasonable and the amount

assessed was appropriate.

25. A copy of a September 12, 2013 letter to the IRS Glendale Office transmitting a Form 12153 Request For Due Process Hearing with respect to a Form 688-A Notice of Federal Tax Lien August 8, 2013 filing designating the CDP request date to be 9/16/2013 but even so no response with respect to this Request was provided from the IRS Appeals Office.

26. The capital gain amounts received by plaintiff from sale of his stock in the United States is not to be treated for United States income tax purposes as being United States source income.

27. The Exhibit IV January 12, 2012 United States District Court, Central District of California, Order granting government's Motion To Dismiss determined Plaintiff to be a resident of Germany is binding with respect to proceeding in this and in this respect presents the impact of estoppel, res judicata or other similar legal principals preventing a challenge in this Court as to the California District Court German residency and that by taking judicial notice of Government's District's Motion to Dismiss and the California United States District Court Motion Dismissal Order the Court is bound by the German residency ruling due to principals of estoppel, res judicata or other such applicable authority.

28. The Government's Motion To Dismiss filed on December 7,

2011 in *Gerd Topsnik v. United States,* United States District Court for the Central District of California, Case #2:11-cv-065908-JHN-MRW, presented the California District Court with 125 pages of Exhibits numbered 1 through 18.

29. Motion to Dismiss **Exhibit 17**, found at pages 88 through 118 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, consists of a series of an individual CERTIFICATE OF OFFICIAL RECORD of Department of the Treasury annexed Account Transcripts with respect to Gerd Topsnik for years 1992, 1993, 1999, 2000, 2001, 2004, 2005, 2006, 2007, 2008 and 2009. A transcript Code 550 entry for the year 1992, at page 91, discloses that on 2-23-2005 the IRS determined that the year 2004 income tax collection period extended to 01-01-2014. In this regard, the provisions of IRC §6502 provide that a tax may be collected only if made within 10 years after the assessment. While IRC §6503(c) provides how the collection period shall be suspended, the suspension period shall be for the period during which there is an absence from the United States for a continuous period of at least 6 month. As a consequence, Treasury found and determined on February 23, 2005 that Mr. Topsnik had not even been in the United States since the year 1994. For the year 1993, the Treasury Code 550 entry, at page 94, reflects how on 2-23-2005 Treasury made another finding and determination that Mr. Topsnik had not been in the United States since the year 1994. Treasury

officially determined that as a result the income tax collection period for the years 1992 and 1993 extended to and including the respect dates 01-01-2014 and 07-24-2014.  For the year 1999 the Treasury Code 550 entry, at page 97, reflects how on 2-23-2005 Treasury for a third time found and determined that Mr. Topsnik had not been in the United States since the year 1994 by extending the year 1999 tax collection period until the date of 11-05-2014. Furthermore, the contents of the official Department of Treasury Certified Record of Account Transcripts for the year 1999 at page 96, the year 2000 at page 99, the year 2001 at page 102, the year 2004 at page 105, the year 2005 at page 108, the year 2006 at page 111, the year 2007 at page 113, the year 2008 at page 115 and the year 2009 at page 117 demonstrate the existence of an address for Gerd Topsnik as being other than in the United States.

30. Having determined and concluded how Plaintiff was found to be German resident, such position is supported by the content of a Notice of Intent to Levy dated 12/10/2007 with respect to the year 2000 disclosing how the IRS Portland, Oregon Tax  Collection Office recognized and accepted for official notification purposes that Mr. Topsnik had as his mailing address an address other than in the United States.

31. Motion to Dismiss **Exhibit 11**, found at pages 62 through 63 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, reflects at page 62 the adopted

mailing address for Mr. Topsnik was used by the IRS tax collection office in Portland, Oregon.

31. Having determined and concluded how Plaintiff was found to be German resident, such position is supported by the content of a Notice of Determination dated DEC 09/2008 with respect to the year 2000 recognized and accepted for official notification purposes that Mr. Topsnik had as his mailing address an address other than in the United States and noted that his alien status existed since the year 1999.

32. Motion to Dismiss **Exhibit 12**, found at pages 65 through 69 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, reflects at page 67 the adopted mailing address for Mr. Topsnik was used by the IRS Washington Appeals Field Office was other than in the United States and at page 68 makes special reference to an assertion claiming that Mr. Topsnik had not been a substantial resident of the U.S, since 1999 and having no U.S. gross income sources.

33. Having determined and concluded how Plaintiff was found to be German resident, such position is supported by the content of a year 2009 United States Tax Court Petition in case No. 1454-09 that Mr. Topsnik is and has been a German Citizen who resides in Germany having a Erlinbach, Germany address.

34. Motion to Dismiss **Exhibit 13**, found at pages 71 through 80 of the 125 numbered pages of attached Exhibits 1 through 18 of the

District Court Motion to Dismiss, reflects at page 71 that Mr. Topsnik is and has been a German citizen who resides in Germany where his address is located in Erlinbach, Germany:

(a) How the subject of the petition arose out of the 12/20/07 Federal Tax lien Notice from the IRS Portland, Oregon office addressed to Petitioner' Canada mail drop address (page 72);

(b) How the IRS Oregon office refused to allow for a hearing, how an IRS Nashville, Tennessee Appeals Office explained how the subject Appeal was under consideration in Baltimore, Maryland and the eventual IRS appeals notice that the appeals case was set for hearing in Wash. D.C. (page 72; and

(c) How the principle purpose of the appeals conference was to demonstrate the Mr. Topsnik had nonresident lien status as was detailed through the content of a daily calendar log book and accepted by Appeals as demonstrating such status (page 75).

35. Having determined and concluded that Plaintiff was found to be German resident, such position is supported by the content of a Notice of Levy dated 02/16/2010 with respect to individual 12/31/1992, 12/31/1993, 12/31/1999, 12/31/2000, 12/31/2001 tax periods being addressed to the Canada mail drop address used by Mr. Topsnik.

36. Motion to Dismiss **Exhibit 14**, found at page 82 of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, reflects at page 82 how the Seattle, Washington Internal

Revenue Service Office issued a Notice of Levy for the Tax Period
Ended 12/31/1992, 12/31/1993, 12/31/1999, 12/31/2000, 12/31/2001
for a total amount of $257,224,97200 addressed to the Canada mail
drop address.

37. Having determined and concluded that Plaintiff was found
to be German resident, such position is supported by the content
of a February 23, 2010 Release of Levy that was provided to
GOURMET FOODS INC, RANCHO DOMINGUEZ, CA from the Seattle,
Washington Internal Revenue Service Office having identified Mr.
Topsnik and his Canada mail drop address for Mr. Topsnik.

38. Motion to Dismiss **Exhibit 15**, found at page 84 of
attached Exhibits 1 through 18 of the District Court Motion to
Dismiss, reflects how the Seattle, Washington Internal Revenue
Office issued a February 23, 2010 Release of Levy that was
provided to GOURMET FOODS INC, RANCHO DOMINGUEZ , CA reflecting
the Canada mail drop address for Mr. Topsnik.

39. Having determined and concluded that Plaintiff was found
to be German resident, the Respondent determined and treated Mr.
Topsnik as specifically being a German resident during the years
200412, 200512, 200612, 200712, 200812, 200912.

40. Motion to Dismiss **Exhibit 2**, found at page 4 through and
including page 8 of the 125 pages of Attached Exhibits 1 through
18 of District Court Motion to Dismiss is the Internal Revenue
Service Notice of Jeopardy Assessment dated March 14, 2011 as it

is applicable to Mr. Topsnik for the complete period of Tax years ended and deficiencies for 200412, 200512, 200612, 200712, 200812, 200912:

a. The Notice of Jeopardy Assessment EXPLANTION underscores how the Internal Revenue Service had information concerning his year 2004 sale of Gourmet Foods, Inc. stock and in so doing stresses:

1. How Mr. Topsnik admits being a nonresident alien and to having been a resident of Germany since the year 2000 (Page 7); and how the jeopardy mathematical amounts are applicable to the periods12/31/2004, 12/31/2005, 12/31/2006, 12/31/2007, 12/31/2008 and 12/31/2009 (Page 8).

41. Having determined and concluded that Plaintiff was found to be German resident, the Respondent adopts the fact that Petitioner admits to being a German resident since the year 2000.

42. Motion to Dismiss **Exhibit 3**, found at pages 10 through 23 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, is the Aril 14, 2011 letter to the IRS Director of Field Operations Washington D.C. from Charles Magnuson relied on for Respondent to assert how this letter reflects:

a. The German address for Gerd Topsnik for years 200412, 200512, 200612 and 200712 (page 10);

b. That Mr. Topsnik had not designed to depart quickly from

the United States or to remove property quckly therefrom and had not resided in the United States since the year 1999 but receives installment payments from his sale of Gourmet Foods stock, annually reported to the IRS through the annual filing of a Form 1009 (page 11);

c. That during the income tax examination process it was explained to the examining agent that IRS Publication 519 provides a tax guide for aliens and instructions relating to the application of Income Tax Treaties, that by operation of IRC §871 provisions, a nonresident alien capital gain is not an item of United States source income and that Article 13(6) of the German Income Tax Treaty provides that gain from the sale of non-business property is to be taxed only in the state of residence (page 11);

d. That even where an individual may be regarded as having "Green Card" residency status the German Income Tax Treaty Article 4 provisions define the term "resident of a Contracting State" as meaning any person that may be found to be so by reason of domicile residence, place of management, or any other criterion of a similar nature and the impact of a permanent home, or where personal and economic relations are what is described as the center of vital interests (page 11);

e. That undisputed circumstances demonstrate that Mr. Topsnik has a German domicile regarded as his home or a true fixed, principal, and permanent home and views Rotterhausen, Erlinbach as

being his center of vital interest as shown through documented resources provided to the examining agent during IRS field examination conferences and at an appellate meeting with respect to the year 2000(page 12);

f. That as a consequence of existing circumstance the IRC §6651(a)(2), IRC §6651(a)(1) and IRC §6654 penalty provisions do not apply (page 14);

g. That under actual circumstances the IRS Pub 519 Figures 1-A schematic provides guidance as to the applicability of Income Tax Treaty with respect to a nonresident alien (page(15);

h. That a capital gain installment computation derived for what had been done by a professional tax return preparer rather than what Mr. Topsnik had one thereby providing further basis for the inapplicability of IRC §6651(a)(2), IRC §6651(a)(1) and IRC §6654 penalty provisions (page 16);

i. That Plaintiff fully cooperated during the income tax examination by producing hundreds of documents both business and banking in response to substantiation issues and FBAR inquiries with the examination response that there was a reasonable basis for not applying income tax penalties as was so indorsed by this Court in *Bradford v. CIR,* United States Tax Court, T.C. Memo 2006-272; CCH 92 T.C.M.  (page 18);

j. That Respondent having treated Plaintiff as having been absent from the United States since the year 1994 provided a basis

for having his nonresident alien status recognized and accepted
for federal income tax purposes in following IRS Publication 519
explanations (page 19);

   k. That the *Lindholm v. United States,* __F. Supp.__ (US DC,DC,
1992),92 USTC ¶50,542) a United States District Court ruling that
a jeopardy assessment assertion did not apply to circumstances
existing in this case (page 20);

   l. That extraneous matters occurring before the year 2004,
such as Plaintiff having been required to provide at least a
hundred writing examples to Customs or references to a Hawaii home
are out of context and so irrelevant considering that Mr. Topsnik
is a natural born German citizen, traveling under a German
passport, has German residency, and no such United States status
for United States voting purposes, public assistance programs, a
license to drive, for acquiring a business license such as for the
sale of liquor, has no United States credit or loan availability,
memberships, no family members or relatives or any incidents of
being a resident of the United States (page 21); and

   m. That all of the factors cited in items a through l provided
a sound and well-considered foundation on which the the District
Court determined that Mr. Topsnik has German residency.

   43. Having determined and concluded that Plaintiff was a
German resident, the Government repeated an identification of the
German address for Mr. Topsnik as being Rotterhausen, Erlinbach,

Germany.

44. Motion to Dismiss **Exhibit 4**, found at pages 25 through 27 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, is the Aril 16, 2011 letter to the IRS Glendale office from Charles Magnuson relied on for reflecting a German address as the German address relates to how the subject Jeopardy assessment relates to IRS Tax Lien Notices for periods 12/31/2004, 2005, 2006, 2007, 2008, 2009.

45. Despite the fact that Plaintiff was found to be German resident, the IRS Appeals Team Manager without explanation described the IRC §6861 jeopardy assessment as if it were reasonable and appropriate.

46. Motion to Dismiss **Exhibit 5**, found at page 29 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, presents a determination letter dated May 12, 2011.

47. Having determined and concluded that Plaintiff was found to be German resident, the District Court is directed to a copy of a 2004 Form 843 Claim for Refund and Request for Abatement.

48. Motion to Dismiss **Exhibit 6**, found at pages 31 and 32 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, reflects business losses and capital gain items under the signature of the Dallas, Texas Business Services paid preparer.

49. Having determined and concluded how Plaintiff was found to be German resident, the District Court is directed to a copy of a 2004 Form 1040 U.S. Individual Income tax.

50. Motion to Dismiss **Exhibit 7**, found at pages 34 and 35 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, reflects a nonresident alien status for Mr. Topsnik, having no U.S. Source Income and reference to amounts reflected by a German filing.

51. Having determined and concluded that Plaintiff was found to be German resident, the District Court is directed to individual CERTIFICATE OF OFFICIAL RECORD of Department of the Treasury annexed Account Transcripts with respect to Gerd Topsnik for years 2004 and 2005 for supporting the German residency position enabling the District Court to arrive at the German residency determination.

52. Motion to Dismiss **Exhibit 8**, found at pages 37 through 48 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, the individual CERTIFICATE OF OFFICIAL RECORD of Department of the Treasury annexed Account Transcripts with respect to Gerd Topsnik for years 2004 at page 37 and 2005 at page 43 reflect the existence of an address for Gerd Topsnik as being other than in the United States.

53. Having determined and concluded that Plaintiff was found to be German resident, a letter dated May 04, 2011 from a

Technical Services Territory Manager of no designated location provides notice of tax deficiencies for Taxable Year Ended December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009.

54. Motion to Dismiss **Exhibit 9**, found at pages 50 and 51 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, allows for a 150 day period for the filing of a Tax Court petition where Mr. Topsnik has an address outside the United States as is reflected by the stamp date entered on page 50 as Oct 01 2011 being the last day for filing.

55. Having determined and concluded that Plaintiff was found to be German resident, such position is supported by the content of a July 12, 2011 Administrative Claim concerning the tax years 1992,1993,1999,2000 and 2001 highlighting the German residency for Mr. Topsnik and his Canada mail drop address.  The content of this communication repeats the circumstance that Mr. Topsnik was a nonresident alien from the year 2000 and continued to be so as of the date of this letter.

56. Motion to Dismiss **Exhibit 18**, found at pages 120 through 125 of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, reflects that a letter to the Plantation, Florida Internal Revenue Service Advisory Group identifying the Mr. Topsnik German residency and Canada mail drop address (page 120);

and

57. That the content of the July 12, 2011 repeats the circumstance that Mr. Topsnik was a nonresident alien from the year 2000 and as of the Administrative date of the July 12, 2011 continued to be a nonresident alien. (page 122).

58. Having determined and concluded that Plaintiff was found to be German resident, such position is supported by the content of the October 3, 2011 Tax Court Petition in this case where the German residence is disclosed to be Rotterhausen, Erlinbach, Germany.

59. Motion to Dismiss **Exhibit 10**, found at pages 52 through 59 of the 125 numbered pages of attached Exhibits 1 through 18 of the District Court Motion to Dismiss, reflects at page 53 the German address for Mr. Topsnik.

60. Content of Motion to Dismiss and supporting 125 pages exhibits 1 through and including 18 provide substantial evidence that the Motion to Dismiss was not a product of a cursory examination into Internal Revenue Service Administrative Files but rather is a clear demonstration of how the German residency position advanced by the Motion to Dismiss arose from a well calculated selection and formation of Internal Revenue Service Administrative Documents in order to provide a complete and accurate presentation of evidence for supporting the German residency status attributed to exist as to Gerd Topsnik.

61. The content of the 125 pages of Administrative File exhibits are from documents understood and used by Defendant in this case for the purpose of having the District Court enter the German Residency determination by court order in the related California District Court case.

62. In taking judicial notice of the California District Court motion and ruling the Court is bound by the California District Court residency ruling due to principals of estoppel, res judicata or other such authority for ruling in this case that Plaintiff is as well for the year 2010 a German Resident as a consequence the German Tax Treaty applies.

63. Consistent with the California District Court determination as to Plaintiff having German residency status, Plaintiff, as an German resident, is an officially registered voter due to his official Residence Permit designating his German domicile as issued by the Freiburg Department of Civil Service. He is as well provided with an entitlement to a German Certificate of Good Conduct.

64. Plaintiff has undertaken and participated in available administrative remedies allowed by and within the Internal Revenue Code and have timely and properly filed this complaint and action.

65. Plaintiff is the sole and absolute owner of this claim against Defendant and has made no transfer or assignment of any part thereof.

WHEREFORE, Plaintiff prays judgment in his favor and against Defendant, The United States of America as follows:

1.  That a judicial determination be made that the subject jeopardy assessment and jeopardy levy and lien were under applicable circumstances unreasonable and that the amounts so assessed were inappropriate;

2. That the subject jeopardy assessment and levy are to be enjoined;

3. That the subject jeopardy assessment and levy are to be expunged;

4.  That in taking judicial notice of the California District Court German residency motion and ruling that the Court conclude that the California District Residency ruling is binding upon this Court due to principals of estoppel, whether collateral, judicial or otherwise applicable, as well as those applicable to res judicata or other such authority.

5. That Plaintiff be found to be entitled to recover from Defendant a refund of the erroneously collected income tax and penalty amounts arising from the subject jeopardy assessment and levy plus interest thereon as is provided by law;

6. That Plaintiff be entitled to costs and fees; and

7. For such other and further relief as the Court deems to be just, proper, and under existing circumstances appropriate.

Dated  November 12, 2013

Respectfully submitted,

*Michael C. Durney*

---
Michael C. Durney
D.C. Bar No. 111872


**Law Offices of Michael C. Durney**
1000 Potomac Street, N.W.
Fifth Floor
Washington, D.C. 20007
Telephone: (202) 965-7744
Facsimile:  (202) 965-7745
Email: mcd@mdurney.com


Charles H. Magnuson
CA Bar No. 35346
10940 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90024
Telephone: 310-209-8151
Facsimile: 310-472-8419
Email:charlesmagnuson@msn.com


Attorneys for Plaintiff Gerd Topsnik